**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Galeb MIZYED, Defendant—Appellant.**

No. 07–50101.

United States Court of Appeals,
Ninth Circuit.

Submitted June 2, 2009.*

Filed June 12, 2009.

Peter A. Hernandez, Esq., Michael J. Raphael, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Robison D. Harley, Jr., Esq., Santa Ana, CA, for Defendant–Appellant.

Before: RYMER, GRABER, and BEA, Circuit Judges.

## MEMORANDUM **

Galeb Mizyed appeals the district court's denial of his motion for "safety valve" relief from the mandatory minimum sentence as provided in 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review the district court's determination for clear error, *United States v. Ajugwo*, 82 F.3d 925, 929 (9th Cir.1996), and we affirm.

Under Mizyed's plea agreement, he was required to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the court, and to respond truthfully and completely to all questions that might be put to him.

Title 18 U.S.C. § 3553(f) allows the district court to impose a sentence without regard to the statutory mandatory minimum, provided five factors of the provision are met. *Ajugwo*, 82 F.3d at 926. The fifth requirement for a safety valve exemption, the one at issue in this case, states that:

> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant . . . is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(5); 18 U.S.C. § 3553(f)(5).

The district court was entitled to rely upon the testimony of David Wallace, which conflicted with Mizyed's testimony, to find that Mizyed did not testify truthfully and completely on direct examination at the trial of co-defendant Mieko Jackson regarding her involvement in their common conspiracy to traffic pseudoephedrine for use in the manufacture of methamphetamine. *See Ajugwo*, 82 F.3d at 927–29. Further, Mizyed's own testimony on cross-examination showed he had not testified truthfully and completely on direct examination.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.